### COLUMBUS BOLT WORKS CO. v. BUCKEYE CEREAL CO.

1. **Failure of Gas Engine to Fulfill Guaranties of Power and Efficiency does not Constitute Fraud in Contract of Sale upon Which Attachment can be Sustained.**

   Attachment upon an averment, that defendant had fraudulently contracted and incurred an obligation to sell a gas engine of guaranteed power and efficiency, cannot be sustained under Sec. 11819 G. C., where the action was brought for unliquidated damages accruing from failure of the engine and its attachments to fulfill the guarantees made for it.

2. **Intention to Remove Engine to and Resale in Another County After Rejection for Failure of Engine to Conform to Guaranty not Ground for Attachment Though Defeating Jurisdiction for Determining Damages to Purchaser.**

   The seller's removal from the building of the purchaser at the latter's request, of a gas engine upon its failure to perform in

Bolt Works v. Cereal Co.

accordance with the guarantees of sale, the seller intending to return it to another county in which is located the shops of the seller, and the seller's subsequent resale to another purchaser in the latter county, do not constitute a removal or disposition of the property with intent to defraud the original purchaser upon which to base jurisdiction in attachment in an action to recover unliquidated damages for breach of contract.  It is not sufficient to show merely an intent to defeat a particular jurisdiction.

ERROR.

*R. W. McCaughy; Lynch, Day, Temple & Lynch,* for plaintiff in error.

*C. M. Addison, Rice & Souers,* for defendants in error.

## BY THE COURT:

This action was commenced in the court of common pleas by The Buckeye Cereal Company to recover damages alleged to have been sustained by it through the action of The Columbus Machine Company in not complying with the terms and conditions of a certain contract entered into between said companies by which The Columbus Machine Company was to sell to The Buckeye Cereal Company a gas engine of certain guaranteed power and efficiency.  The Buckeye Cereal Company has its principal office in this county while The Columbus Machine Company has its principal office and place of doing business in the city of Columbus, Franklin county, Ohio.

An affidavit was filed for an attachment at the commencement of this action and whether or not the court of common pleas of this county acquired jurisdiction to hear and determine this action depends upon the validity of the attachment proceeding.  In the affidavit three grounds are alleged.  (1)  That the defendant, The Columbus Machine Company is about to remove a part of its property out of the jurisdiction of the court with intent to defraud its creditors.  (2)  That it had assigned and disposed of its property in part with intent to defraud its creditors.  (3)  That it had fraudulently contracted and incurred the obligation for which the suit was brought.

A motion to dissolve the attachment was filed in the court of common pleas, setting forth three separate grounds on which such dissolution was asked.

(1)   That the affidavit is insufficient in law to authorize a court to issue an order of attachment; (2) because the statement of facts set forth in the affidavit on which such attachment was issued were false and conferred no jurisdiction on the court; and (3) because there had been issued in this case a prior order of attachment, which was still outstanding, on the same grounds as set forth in the affidavit for the pending attachment and for the same property taken under the pending order, to which a motion had been filed and which motion was still pending in that court undisposed of, and that by reason thereof the court was without jurisdiction or authority to issue such order.

The defendant entered its appearance for the purpose of this motion only and disclaimed all intention of entering its appearance to the action for any other purpose.   The motion to dissolve the attachment was heard on the evidence and was overruled by the court of common pleas.

*We have examined this evidence with some care and find that the third ground of attachment alleged in the affidavit is not sustained.*   The action was commenced for unliquidated damages accruing to the plaintiff by reason of the failure of the defendant to carry out its contract for the sale of a gas engine and the necessary attachments for the operation of the same, and with certain guarantees as to its power and efficiency in doing the work for which it was designed, and which did not fulfill the guarantees that were made for it.   The plaintiff, The Buckeye Cereal Company, claimed in its petition that by reason of the failure of said engine and attachments to comply with the warranty made in the contract of sale with the subsequent embarrassment to its business, and that by reason of delays and expenses resulting from the failure of the defendant to carry out its said contract for an engine that would fulfill its warranties that a cause of action arose to it for damages.,   An attachment will lie in such case if any grounds for attachment exist.   *We find from the evidence that no fraud in the making of the contract exists and that so far as the third ground of attachment is concerned the motion to dissolve should be sustained.*

At the request of the plaintiff the defendant, The Columbus Machine Company, removed its engine out of the building of

Bolt Works v. Cereal Co.

plaintiff with the intention to return the same to Columbus, Ohio, where its shops and offices are located. The defendant further claimed to have sold said engine after it had failed to do the work of the plaintiff to The Columbus Bolt Company, whose shops and offices are in the City of Columbus, Ohio. *This sale and removal constitutes the alleged fraud charged in the first and second grounds of the affidavit. That no substantial right of the plaintiff would be affected by such sale and removal.* We think the cause of action which accrued to the plaintiff became complete on the failure of the gas engine to work in accordance with the guarantees of the defendant and that when said engine was removed its right of action was completed and all this had occurred before the act complained of in the affidavit as fraudulent had been committed by the said defendant. *The only right the plaintiff had that could be affected by such sale whether the same was in good faith or fraudulently sold, would be its right to acquire jurisdiction in Stark county by virtue of an attachment issued.* If the said defendant had seen proper to leave its property in Stark county with no intention of removing the same, or had not removed the same, or had removed it in good faith without fraudulent intent, it might have stayed in this county, or in the place to which it had been so removed, until the cause of action that the plaintiff had would be barred by the statute of limitations and plaintiff's rights would in no way have been affected thereby. It could not have procured an attachment in such a case or acquired jurisdiction to try the case in Stark county except by service of summons in one of the methods prescribed by law, because in that event no right of attachment could have existed in favor of the said plaintiff. *The defendant could also have removed this engine in good faith to the city of Columbus where its offices and shops are located, with intention to resell the same and not be liable to have had the same attached for fraudulently removing the same out of the jurisdiction of the court.* The right to acquire jurisdiction by an attachment only exists by virtue of a prior intent to defraud an attaching plaintiff, and such intent to defraud must be shown to exist. *It is not sufficient to show merely an intent to defeat a particular jurisdiction.*

We are of the opinion that neither of the three grounds of attachment alleged in the affidavit are sustained by the evidence and that the court below erred in overruling a motion to dissolve the same.

The judgment of the said court will be reversed and the cause will be remanded for further proceedings according to law.

---

## COMPENSATION—OFFICE AND OFFICERS.

[Cuyahoga (8th) Court of Appeals, May 8, 1917.]

Middleton, Walters and Sayre, JJ., of the fourth district sitting by designation.

EDMUND B. HASERODT, CLERK, ET AL. V. STATE, EX REL. E. R. WILCOX, CITY SOLICITOR.

**Chief of Police not Entitled to Fees for Services in State Criminal Prosecutions in Police Court.**

Sections 4581 and 3016 G. C. do not fix definitely the amount of compensation that may be allowed a chief of police for services in state criminal cases in a police court and no fees may be allowed said officer for such services under favor of these sections.

[Syllabus by the court.]

ERROR.

*Cyrus Locher,* Pros. Atty., and *F. W. Green,* Asst. Pros. Atty., for plaintiffs in error.

*Mathews, Orgill & Masche,* for defendant in error.

## MIDDLETON, J.

This case involves the disposition of certain costs taxed in the name of Frederick Kohler, as chief of police of the city of Cleveland, in state criminal cases originating in the police court and municipal court of that city, in which convictions were had and said costs allowed by the state and paid into the county treasury of Cuyahoga county to the credit of said chief of police.

The original action was instituted by S. K. Wilcox, as city solicitor, for the city of Cleveland, who asked for a mandatory order against the clerk of court of Cuyahoga county, and the auditor and treasurer thereof, directing the payment of said